NO. 07-03-0172-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 6, 2003
_____

JIMMY BARELA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,848-D; HON. DON EMERSON, PRESIDING
_____

Before QUINN and CAMPBELL, JJ., and BOYD, S.J.[1]

**ON ABATEMENT AND REMAND**

Appellant Jimmy Barela appeals from a judgment convicting him of assault on a

public servant. The clerk's record is due in this cause, and an extension of the applicable

deadline was sought. To justify the extension, the district clerk represented that appellant

has failed to pay or make arrangements to pay for the record. Nothing of record appears

showing the appellant is indigent and entitled to a free record.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Accordingly, we now abate this appeal and remand the cause to the 320th District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent; and,

3. whether the appellant is entitled to a free appellate record and to appointed counsel on appeal due to his indigency.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record with the clerk of this court on or before July 3, 2003. Should further time be needed by the trial court to perform these tasks, then same must be requested before July 3, 2003. Finally, if the trial court determines that appellant is entitled to appointed counsel and has no counsel, it must appoint counsel to appellant and inform this court of the name, address, and state bar number of the appointed counsel.

It is so ordered.

Per Curiam

Do not publish.

2